IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| ANDRE PARE, and RICKY FLETCHER, | ) | 4:15CV3055 |
|---|---|---|
| Plaintiffs, | ) | |
| v. | ) | **MEMORANDUM AND ORDER** |
| FRED BRITTON, SCOT FRAKES, JANE DOE 1, JANE DOE 2, and MIKE KINNEY, | ) | |
| Defendants. | ) | |

This matter is before the court for case management. The Prison Litigation Reform Act requires an imprisoned civil plaintiff to pay the court's entire filing fee, either at the outset when filing the complaint, or in installments if the court grants leave to proceed in forma pauperis ("IFP"). *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997); *Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951 (D. Neb. 2001).

On October 6, 2015, the court granted Plaintiffs Andre Pare and Ricky Fletcher's motions seeking leave to proceed IFP and ordered them to pay their initial partial filing fees within 30 days. (*See* Filing Nos. 38 and 39.) To date, Pare and Fletcher have not paid their initial partial filing fees or asked for extensions of time in which to do so. Accordingly, the court will require Pare and Fletcher to show cause for why this case should not be dismissed for their failure to pay their initial partial filing fees.

If Pare and Fletcher's failure to pay by the court's deadline was caused by prison officials' failure to adhere to their requests to remit payment using funds from their accounts, their failure to pay within the time ordered by the court will be excused. However, if their failure to pay by the court's deadline was caused by their failure to leave sufficient funds in their accounts to timely pay the initial partial filing

fees, their failure to pay will not be excused. Absent sufficient responses from the plaintiffs, the case will be subject to dismissal. *See* [Taylor v. Cassady, 570 Fed. App'x. 632 (8th Cir. 2014)](#) (holding district court abused its discretion by dismissing case without first taking steps to determine whether prisoner-plaintiff's failure to pay the initial partial filing fee "was caused by circumstances beyond his control, such as prison officials' failure to adhere to his request to remit payment using funds from his account").

IT IS ORDERED:

1. Pare has 30 days in which to show cause why this case should not be dismissed for his failure to pay the initial partial filing fee. In the absence of cause shown, this case will be dismissed without prejudice and without further notice as to him.

2. Fletcher has 30 days in which to show cause why this case should not be dismissed for his failure to pay the initial partial filing fee. In the absence of cause shown, this case will be dismissed without prejudice and without further notice as to him.

3. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: December 22, 2015: check for response to show cause order.

DATED this 20th day of November, 2015.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.